■ ACME THEATRES, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 47381.) — GREENBLOTT, J. Cross appeals from a judgment in favor of claimant, entered March 1, 1968, upon a decision of the Court of Claims, for the appropriation of a portion of claimant's property and for the taking of a temporary easement over another small portion thereof for the purpose of removing a sign thereon. Claimant was awarded $20,600 for the taking of 0.164 plus or minus acre of land in the Town of Lake George, Warren County. The appropriated land is located near the intersection of Routes 9 and 9L and is a part of a tract used by the claimant for a drive-in movie theatre. Located within the appropriated area was the ticket office, a utility building which formed the base for a theatre sign, 49 car spaces, fencing and a portion of the entrance drive. The court awarded $19,600 as direct damage, consisting of land valued at $10,000, improvements at $9,600 and $1,000 for consequential damage. We agree with the court's determination that the highest and best use of claimant's property at the date of appropriation was for a commercial use, including a drive-in theatre. While the State contended that the highest and best use of the property was for a motel and resort facility, it failed to produce any supporting evidence. Therefore, this contention must be rejected as it was based solely on speculation. (See *New York Cent. R. R. Co.* v. *Maloney*, 234 N. Y. 208.) An examination of the record substantiates the court's finding of damages of $19,600 for direct damage but there is nothing in the record to substantiate the finding of $1,000 for consequential damage. The State contends that the award is grossly

excessive. It argues that the proof offered by claimant as to the value of the property was speculative and disputes the methods of appraisal adopted. It contends that the income approach used by claimant's expert was erroneously based on a post-appropriation rather than a pre-appropriation lease. As for the reproduction approach, the State urges that it should not have been considered at all, because the improvements do not enhance the property. We do not agree with the State's contention that the improvements add nothing to the value of the property. However, the analysis of claimant's expert as to reproduction cost less depreciation, based on "unit of use cost for drive-in theatres" leaves much to be desired, since it contains little in the way of component factors that make up reproduction value. Such an opinion, bolstered only by the background and experience of the expert, is worthy of little consideration (*Vircillo* v. *State of New York*, 24 A D 2d 534). In like manner, his capitalization of income approach is entitled to little weight, since he attempted to determine the before-appropriation income on the basis of a post-appropriation lease, ignoring completely the pre-appropriation income figures. Nevertheless, there is sufficient evidence in the record to support the court's award. Both experts used the comparable sales approach to determine the value of the land, and the court's finding in this regard was within the range of the testimony. With respect to the improvements, claimant's expert based valuation on reproduction costs less depreciation. He gave a detailed analysis of his reproduction figures and stated his depreciation factors. We agree with the trial court that these buildings constituted a specialty and, therefore, this method of valuation was proper. The valuation of land as land and the valuation of buildings as structures is proper when the structures enhance the value of the land. (See *Matter of City of New York* [*Blackwell's Is. Bridge*], 198 N. Y. 84.) This was the method employed here, as the improvements obviously enhanced the value of the land. The record demonstrates no substantial issue except that as to the valuation of the improvements, which have been found to be $9,600; but, contrary to the State's contention on this appeal, sufficient evidence was elicited from the State's appraisal, although in part indirectly, as to the value of the buildings and improvements, with the result that a range of testimony was established. The trial court awarded appellant $1,000 for consequential damages. In the absence of evidence to the contrary, it must be assumed that this amount was awarded wholly for loss of view. This is not compensable under the guise of consequential damages (*Feres* v. *State of New York*, 24 A D 2d 661.) Judgment modified, on the law and the facts, so as to reduce the award of $19,600, together with appropriate interest and, as so modified, affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Greenblott, J.